UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAUREEN FAHLBUSH,

   Plaintiff,

v.

Case No. 24-cv-12766

Hon. Matthew F. Leitman

THE HOME DEPOT, U.S.A., INC.,

   Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO EXTEND DATES (ECF No. 8)

**I**

In this case, Plaintiff Maureen Fahlbush brings state-law negligence claims against Defendant Home Depot, U.S.A., Inc. The claims arise out of a fall Fahlbush suffered at a Home Depot store in Troy, Michigan. (*See* Compl., ECF No. 1-1, PageID.8-11.).

The Court entered an initial Case Management Requirements and Scheduling Order in November 2024. (*See* ECF No. 4.) That Order set the following schedule to manage the progress of the case:

| EVENT | DEADLINE |
|---|---|
| Amendment of Pleadings and Rule 26(a)(1) Disclosures | December 20, 2024 |
| Fact Discovery Cutoff | April 25, 2025 |
| Rule 26(a)(2) Proponent Expert Disclosures | May 27, 2025 |
| Rule 26(a)(2) Rebuttal Expert Disclosures | June 27, 2025 |

1

| | |
|---|---|
| Expert Discovery Cutoff | July 28, 2025 |
| Dispositive Motions and Challenges to Experts | August 29, 2025 |
| Rule 26(a)(3) Pretrial Disclosures | November 21, 2025 |
| Motions *in Limine* | December 19, 2025<br>Response briefs due 10 days after filing, but not later than December 29, 2025.  Reply briefs due 5 days after responses are filed, but not later than January 5, 2026. |
| Final Pretrial Order | January 6, 2026 |
| Final Pretrial Conference | January 20, 2026, at 11:00 a.m. |
| Trial Date | February 3, 2026, at 9:00 a.m. |
| Estimated Length of Trial | 7 days |
| **JURY TRIAL** | |

(*Id.*, PageID.27.)

In May 2025, the Court entered a stipulated Order extending all of those deadlines (except the first deadline) by 120 days. (*See* Order, ECF No. 6.)  In the docket entry for that stipulated Order, the Court wrote in all-capital and red letters, surrounded by two asterisks, "**NO FURTHER EXTENSIONS WILL BE GRANTED**." (Dkt. Entry of 05/19/2025, ECF No. 6.)

Now, seven months after the Court extended the deadlines – and four months after the extended deadline for fact discovery expired – Fahlbush has filed a Motion to Extend Dates to complete fact and expert discovery. (*See* Mot., ECF No. 8, PageID.45.)

## II

As Fahlbush acknowledges in her Motion, the Court may modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the

2

case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted).

Fahlbush has not shown good cause to further extend the scheduled deadlines. Fahlbush writes in her Motion that she "timely made her initial disclosures," "responded to written discovery requests," and "sat for a deposition." (Mot., ECF No. 8, PageID.49.) But she does not say anything about the efforts *she* has made to take discovery. Fahlbush says that "critical discovery remains outstanding," including the "key depositions" of "witnesses whose testimony is central to the claims and defenses in this case, like those working when the incident occurred and those responsible for creating the defect Plaintiff tripped over." (*Id.*, PageID.50.). But she does not give any explanation for why that "key" fact discovery has not been completed – or even started – on her end. (*Id.*)

Without the required showing of good cause, the Court **DENIES** Fahlbush's Motion to Extend Dates (ECF No. 8.) The denial is without prejudice. Fahlbush is free to file a much more substantial motion explaining what she has done to take discovery and why discovery could not be completed by the stipulated deadlines.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 18, 2025

3

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
